UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KADIDIATOU D.,

Petitioner,

v.

DAVID EASTERWOOD, Director of St. Paul
Field Office, U.S. Immigration and Customs
Enforcement; KRISTI NOEM, Secretary of
the U.S. Department of Homeland Security;
and PAMELA BONDI, Attorney General of
the United States, in their official capacities,

Respondents.

Case No. 26-CV-1218 (PJS/DLM)

ORDER

---

Paschal O. Nwokocha, NWOKOCHA & OPERANA LAW OFFICES, LLC,
for petitioner

David R. Hackworthy and David W. Fuller, UNITED STATES
ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Kadidiatou D.'s petition for a writ of

habeas corpus.[1]  Kadidiatou, a citizen of Guinea, entered the United States without

inspection on or about February 24, 2024.  V. Pet. ¶ 14.  Kadidiatou has no criminal

record, and she has a pending asylum application.  V. Pet. ¶¶ 14–16, 18; *see also* ECF

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies
petitioner only by her first name and last initial.

No. 1-2. Immigration and Customs Enforcement ("ICE") agents nevertheless arrested Kandidiatou on February 8, 2026. V. Pet. ¶ 17.

Respondents take the position that Kadidiatou is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following her arrest, Kadidiatou filed this habeas action. This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from cases such as *Santos M.C.* and instead argue that those cases are wrongly decided. Respondents' argument has some force. *See Buenrostro-Mendez v. Bondi*, No. 25-20496,

2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (adopting the government's reading of § 1225(b)(2)).  But the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Kadidiatou, who entered without inspection and are already present and living in the United States.[2]

As to remedy:  The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026),  that an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") (emphasis added).   The Court ordered respondents to file an answer to Kadidiatou's petition no later than February 11, 2026, addressing whether an arrest warrant had been issued for Kadidiatou.  *See generally* ECF No. 5.  Respondents' one-page answer did not deny or contest any of Kadidiatou's factual allegations and made no mention of a warrant.  *See generally* ECF No. 6.  Because the government has provided no basis for the Court to conclude that Kadidiatou's continued detention is lawful, the Court will grant Kadidiatou's petition and order her immediate release.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.  *See generally* ECF No. 6

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody within 48 hours of entry of this Order.  If petitioner is not in Minnesota, respondents must first return petitioner to Minnesota before releasing her.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 12, 2026, at 3:20 pm        /s/ Patrick J. Schiltz
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court