UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KADIDIATOU D.,

Petitioner,

v.

DAVID EASTERWOOD, Director of St.
Paul Field Office, U.S. Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, Secretary of the U.S. Department
of Homeland Security; and TODD
BLANCHE, Acting Attorney General of the
United States, in their official capacities,[1]

Respondents.

Case No. 26-CV-1218 (PJS/DLM)

ORDER

Paschal O. Nwokocha, NWOKOCHA & OPERANA LAW OFFICES, LLC,
for petitioner.

David W. Fuller, UNITED STATE'S ATTORNEY'S OFFICE, for respondents.

Petitioner Kadidiatou D.,[2] a citizen of Guinea, entered the United States without

inspection in February 2024 and later sought asylum.  Pet. ¶¶ 14–16, ECF No. 1.

Kadidiatou was detained by Immigration and Customs Enforcement ("ICE") on

February 8, 2026.  *Id.* ¶ 17.  Following her detention, Kadidiatou filed this habeas action.

---

[1]Markwayne Mullin and Todd Blanche are automatically substituted as
respondents in place of Kristi Noem and Pamela Bondi.  Fed. R. Civ. P. 25(d).

[2]Pursuant to this District's policy in immigration cases, the Court identifies
petitioner only by her first name and last initial.

In Kadidiatou's habeas action—as in hundreds of other habeas actions filed in recent months—the decisive question was whether aliens who had entered the United States without inspection were subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Kadidiatou argued that they were not; respondents argued that they were. This Court agreed with Kadidiatou and ordered her release. ECF No. 7 at 2–4. In doing so, however, the Court acknowledged that "[r]espondents' argument has some force." ECF No. 7 at 2.

Kadidiatou now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). ECF No. 10; 28 U.S.C. § 2412(d). The EAJA provides that a party who prevails in a civil action against the United States—including a habeas action—must be awarded fees and other expenses "unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). A "substantially justified" position "need not be correct" so long as it has "a reasonable basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The government bears the burden of proving that its position—in this case, its position that Kadidiatou was subject to mandatory detention under § 1225(b)(2)—was substantially justified. *See Friends of the Boundary Waters Wilderness v. Thomas*, 317 F.3d 503, 507 (8th Cir. 1995).

At the time that this Court granted Kadidiatou's habeas petition, courts across the country—and judges within this District—were divided on the question of whether § 1225(b)(2) applied to aliens such as Kadidiatou.[3]  Although this Court (and the vast majority of courts that had addressed the issue[4]) disagreed with the government's position, that position unquestionably had a reasonable basis in law and fact.  The

---

[3]*Compare Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (rejecting the government's interpretation in the preliminary-injunction context); *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *1 (D. Minn. Jan. 5, 2026) (holding that "§ 1226(a)'s discretionary regime applies in cases . . . where the Petitioner has been in the country for some time"); *Belsai D.S. v. Bondi*, 810 F. Supp. 3d 1016, 1023 (D. Minn. 2025) (granting habeas relief and collecting cases where courts "overwhelmingly . . . rejected the interpretation [of § 1225(b)(2)] offered by Respondents"); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2 (D. Minn. Nov. 25, 2025) (same), *with Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (adopting the government's reading of § 1225(b)(2)); *Byron A. v. Bondi*, No. 26-1365 (PAM/JFD), 2026 WL 608535, at *2 (D. Minn. Mar. 4, 2026) (agreeing with the "growing minority of courts" that "a noncitizen who is an 'applicant for admission' is necessarily 'seeking admission'"); *de Andrade v. Noem*, No. 26-CV-1187 (DMT/DTS), 2026 WL 483279, at *1 (D. Minn. Feb. 20, 2026) (denying a motion to reconsider an order concluding that an asylum-seeking habeas petitioner was "in the category of those 'seeking admission' under § 1225").

[4]*See, e.g., Santos M.C.*, 2025 WL 3281787, at *2 & n.3 (collecting cases where the "vast majority of courts that have addressed the issue" held that respondents' "interpretation is incorrect"); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 (S.D.N.Y. 2025) (noting that respondents' position "has been challenged in at least 362 cases in federal district courts" as of November 2025, and the petitioners prevailed "either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States"); *cf. Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *8 (8th Cir. Mar. 25, 2026) (Erickson, J., dissenting) (noting that, since the statute was enacted, "[a]ll three branches of government," "[f]ive presidential administrations, including the first Trump administration, and most immigration judges interpreted § 1225 to apply only to those arriving at the border").

division among courts, by itself, is strong evidence that the government's position was substantially justified.  *See, e.g.*, ECF No. 7 at 2 ("Respondents' argument has some force"); *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *1 (D. Minn. Jan. 5, 2026) (granting habeas relief but noting that "[t]here are reasons to question this conclusion").  And any remaining doubt was dispelled by the Eighth Circuit's subsequent decision in *Avila v. Bondi* adopting the government's interpretation of § 1225(b)(2).  No. 25-3248, 2026 WL 819258, at *3 (8th Cir. Mar. 25, 2026).

The Court therefore denies Kadidiatou's motion for attorney's fees.[5]

---

[5]Kadidiatou also seeks a fee award based on the government's "pre-litigation conduct in needlessly detaining [her]."  ECF No. 10 at 5.  "The EAJA requires courts to consider the government's conduct leading up to the litigation in addition to its subsequent conduct."  *Bah*, 548 F.3d at 684 (citing 28 U.S.C. § 2412(d)(2)(D)).  But if the government's decision was substantially justified as a *legal* matter, then it is irrelevant whether the government's decision was also reasonable as a *policy* matter.  Kadidiatou argues that the government should not have detained her because she was an individual with no criminal history who was "undergoing the lawful process to obtain[] status in the U.S. via asylum."  ECF No. 10 at 5.  But the only question for this Court is whether the government's position that it had *authority* to detain Kadidiatou was substantially justified.  The Court can hardly find that the government's position was not substantially justified when the Eighth Circuit, the Fifth Circuit, and many other federal courts ultimately agreed with it.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT petitioner's motion for attorney's fees [ECF No. 10] is

DENIED.

Dated: April 10, 2026                              /s/ Patrick J. Schiltz
                                                   Patrick J. Schiltz, Chief Judge
                                                   United States District Court